## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA )
                               )
    v.                     )      Crim. No. 1:25-cr-126-SDN
                               )
JEFFERY FURLONG         )

### DEFENDANT'S SENTENCING MEMORANDUM

**NOW COMES** the Defendant, JEFFERY FURLONG, by and through his Attorney, Chris A. Nielsen, and hereby respectfully presents to this Honorable Court, Defendant's Sentencing Memorandum.

### SUMMARY

Mr. Furlong asks this Court to consider sentencing him to a sentence of 30 months with 5 years supervised release based on application of a corrected guideline computation as well as application of both U.S.S.G. § 5D1.1 and the sentencing factors set out in 18 U.S.C. § 3553(a) and in particular the nature and circumstances of the offender, see U.S. v. Martin, 520 F.3d 87, 91(1st Cir. 2008), in addition to the mandate from the United States Supreme Court in U.S. v Booker, 543 US 220 (2005), rendering the guidelines as advisory and not mandatory.

**Furlong's Pre-Sentence Report:**

The revised pre-sentence report (hereinafter "PSI Report") calculates a guideline range for Defendant at a total offence level of 24, criminal history I with an advisory guideline range of 51-63 months incarceration followed by Supervised Release for a period of 5 years.

**Sentencing Process:**

Under Gall v. U.S., 552 U.S. 38 (2007) and U.S. v. Martin, 520 F.3d 87, 91(1st Cir. 2008) the sentencing determination begins with the calculation of the advisory sentencing range.  This process starts with the appropriateness of any Guideline departure.  Martin, at pg. 91.  The Court will then consider case and defendant specific facts as argued by the Government and the Defense for an appropriate sentence under the regime of 18 U.S.C. § 3553(a).  The final sentence rests with discretion of the Court, however the Court must provide an explanation of its sentencing determination.  See U.S. v. Jimenez-Beltre, 440 F.3d 514 (1st Cir. 2006) At sentencing, the Guideline determination is no longer Mandary, but advisory.  U.S. v Booker, 543 US 220 (2005). Furthermore, a Judge has discretion to reject the Guideline range based upon a policy disagreement with the Guidelines.  U.S. v Spears,

129 S. Ct. 840, 844 (2009); U.S. v. Boardman, 528 F.3d 86, 87 (1st Cir. 2008).  Under the 2008 First Circuit case of U.S. v. Thurston, 544 F.3d 22 (1st Cir. 2008) First Circuit Courts are to gauge the procedural soundness and substantive reasonableness of the sentence.  On appeal, "substantive reasonableness" is reviewed on an abuse of discretion standard. Thurston at pg 25.

### 18 U.S.C. § 3553(a) considerations:

18 U.S.C. § 3553(a) sates in pertinent part that:

"The court, in determining the particular sentence to be imposed, shall consider--

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed--

   **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   **(B)** to afford adequate deterrence to criminal conduct;

   **(C)** to protect the public from further crimes of the defendant; and

   **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available;

**(4)** the kinds of sentence and the sentencing range established for--

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guideline,**(i)** issued by the Sentencing Commission pursuant to <u>section 994(a)(1) of title 28, United States Code</u>; and …

**(5)** any pertinent policy statement--

**(A)** issued by the Sentencing Commission pursuant to <u>section 994(a)(2) of title 28, United States Code</u>; and…

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

**ARGUMENT**

The PSI report suggests a Guideline range of 51 to 63 months incarceration for Mr. Furlong, followed by a period of Supervised Release of 5 years along with mandatory restitution. The PSR did not recommend that Defendant be subject to a fine or any special assessments based on both the likelihood that Defendant would be subject to pay restitution and due to an expected period of incarceration coupled with his finances as a result of his divorce, Furlong would not have any reasonable ability to pay while on Supervised Release.  The PSR indicated that while under 18 USC §2259(c)(3), restitution is mandatory, there is a minimum amount of $3000.00 owed.  The PSR did not suggest a maximum amount of restitution. Mr. Furlong agrees with the

recommendations of the PSR insofar as it relates to the 5-year period of Supervised Release once Mr. Furlong's incarceration has been served and his inability to meet any fine or special assessment.

Mr. Furlong suggests to this Court that as the victims of his crime are unidentifiable, coupled with the relative short time frame in which he engaged in this activity, in addition to his financial situation as considered by the PSR, the Court consider ordering him to pay the minimum amount of restitution required by statute.

Mr. Furlong's argument for a period of incarceration of 30 months is supported in Part F of the PSR where it details two separate reports commissioned by the United States Sentencing Commission (USSC) in both 2012 and 2021 wherein the USSC found that application of the Specific Offense Characteristics with respect to the age of the victim, use of a computer and number of images were leading to sentences that were too punitive.  In both reports there was a concern that the sentencing enhancements in USSG 2G2.2 have not kept pace with technological advancements.

Rather, the USSC recommended that Courts, in determining the appropriate sentence, focus on factors involving the content of the offenders child pornography

collection (taking into consideration the volume, type of sexual conduct depicted, ages of the victims and the organization, maintenance and protection of the collection over time), the degree of an offender's engagement with other offenders, in particular in an internet community devoted to child pornography and child sexual exploitation and lastly whether the offender has a history of engaging in sexually abusive, exploitative or predatory conduct in addition to the child pornography offense.

The PSR currently elevates the base level of 18 for this charge to a level of 27 on the grounds of the age of the victim, that Defendant allegedly engaged in distribution, utilized a computer, and that the offence involved at least 151 images.  Should the Court follow the guidance of the USSC espoused in the 2012 and 2021 reports, Mr. Furlong suggests that a reduction of 5 levels is appropriate if the Court disregards the Specific Offence Characteristics that Furlong used a computer (USSG §2G2.2(b)(6)) and that the offense involved 151 images (USSG §2G2.2(b)(7)(B).  This would result in an offence level of 22 before the reduction of 3 levels for Furlong's acceptance of responsibility resulting in an offense level of 19.  When coupled with Furlong's criminal history score

of I, the guidelines suggest a sentence of 30 to 37 months incarceration.

Defendant asserts that this guideline range takes into consideration of the factors that the 2012 and 2021 reports urge Courts to consider when sentencing in child pornography cases.  Here the content of the Defendant's child pornography collection is minimal, does not depict sadistic and Defendant showed little to no organization, maintenance of protection of it during any measurable timeframe.  Furlong gained access to the illegal materials through a social media application, and he was not involved in any way with an internet community devoted to child pornography or child sexual exploitation.  Furthermore, the PSR itself concludes that aside from statements made by the Defendant while on the social media application, there was no additional evidence that Defendant engaged in any single or pattern activity of sexual abuse or exploitation indicating that he does not have a history of engaging in sexually abusive, exploitative or predatory conduct in addition to the current child pornography offense.  Mr. Furlong agrees that the ages of the unidentified victims is properly considered by the elevation of the offense level by 2 points, as discussed in the PSR.

Mr. Furlong asks the Court to sentence him on the low end of the aforementioned calculation by taking into consideration certain aspects that are particular to him. Although he certainly has fallen from grace, Mr. Furlong's career has focused on public service where he worked for the majority of it in the capacity of a probation officer. He has previously help positions at the Maine DOC Youth Detention Center and positions in Virginia working at various youth centers and shelters. There is no indication that Mr. Furlong has ever abused his positions in his career for nefarious goals. Nor is there any indication that he engaged in illegal activities while at work or used devices associated with his employment to view illicit materials. Rather all indications are that he worked hard in difficult environments and provided sound guidance and counseling to youth in need and then later to probationers working to better themselves through the structure of probation.

**Defendant Furlong's Suggested Guideline Calculation**

All told, Mr. Furlong suggests that by the Court considering the factors as laid out by the USSG's 2012 and 2021 reports, and applying the reduction of 3 offense levels for his prompt acceptance of responsibility, his offense level would be at level 19 with a criminal history

category of I, yielding a range of 30 to 37 months incarceration.  Based on Defendant's arguments, and traits personal to him, Mr. Furlong asks this Court to sentence him to a period of incarceration of 30 months, followed by a period of supervised release of 5 years, including a condition of restitution in minimum amount required by statute.

Dated at Biddeford Maine this 16th day of March 2026.


/S/ Chris A. Nielsen
Chris A. Nielsen, Esq.
Attorney for Defendant


THE NIELSEN GROUP.
P.O. Box 351
Biddeford, Maine 04005-1871
(207) 571-8555


CERTIFICATE OF SERVICE

I, Chris A. Nielsen, Esq., hereby certify that the foregoing Defendant's Sentencing Memorandum has been electronically sent to Asst. U.S. Attorney Chris McCormack for the Office of the United States Attorney on the 16th day of March 2026, through the court's ECF System, and to counsel of record.

/S/ Chris A. Nielsen
Chris A. Nielsen, Esq.

Attorney for Defendant


THE NIELSEN GROUP.
P.O. Box 351
Biddeford, Maine 04005-1871
(207) 571-8555